UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAXIMA SANCHEZ,

        Plaintiff,

v.                                        Case No:  6:17-cv-429-Orl-18DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) (Doc. 21)
>
> **FILED:** May 2, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.    Background**

On February 14, 2018, judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 20. On May 2, 2018, Plaintiff filed a Motion for Award of Attorney Fees (Motion), requesting an award of $400.00 in costs of $5,374.09 in attorney fees, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Doc. 21 at 1. Plaintiff also requests that the EAJA

award be paid directly to her counsel if the government determines that she does not owe a debt to the government. *Id.* at 2. The Motion is unopposed. *Id.*

## II.  Discussion

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate that he or she is eligible for an award of EAJA fees and that the amount sought is reasonable. The undersigned finds, as discussed below, that Plaintiff is eligible to recover EAJA fees and her request for EAJA fees is reasonable.

### A.  Eligibility for EAJA Fees.

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

#### 1.  Prevailing Party.

The Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Doc. 19. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, the undersigned finds that Plaintiff is a prevailing party.

#### 2.  Timely Application.

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment

that "is final and not appealable." *Id*. at § 2412(d)(2)(G).  The Commissioner generally has 60 days in which to appeal, thus a judgment typically becomes final after 60 days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff, as discussed above, then has 30 days in which to file his or her motion for EAJA fees.  Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered.  *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).  The judgment in this case was entered on February 14, 2018, and the Motion was filed 77 days later on May 2. 2018.  Docs. 20; 21.  Accordingly, the undersigned finds that the Motion is timely.

### 3. Claimant's Net Worth.

Plaintiff represents that she had a net worth less than $2 million when the complaint was filed.  Doc. 21 at 1-2.  This representation is uncontroverted.  Accordingly, the undersigned finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified.

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact."  *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted).  The Commissioner bears the burden of proving her position was substantially justified.  *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not argue that her position was substantially justified.  *See* Doc. 21 at 2.  Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

### 5. No Special Circumstances.

The undersigned finds that no special circumstances would make an award of fees unjust.

**B. Reasonableness of EAJA Fee.**

Plaintiff requests an award of $400.00 in costs for the filing fee and $5,374.09 in attorney fees.  Doc. 21 at 1.  The filing fee is recoverable.  28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920).  The chart below details the requested hourly rate and hours spent litigating this case:

| Attorney | Year(s) | Hours | Rate | Total |
|---|---|---|---|---|
| Shea Fugate, Esq.: | 2017-18 | 27.9 | $192.62 | $5,374.09 |
|  | **Total** |  |  | **$5,374.09** |

*Id*.  Plaintiff attached a detailed time sheet in support of the hours her counsel spent working on this case before the Court.  Doc. 21-2 at 3-4.  Plaintiff has demonstrated that the above hourly rate does not exceed the EAJA cap of $125.00 per hour adjusted for inflation.  Docs. 21-1 at 2-3; 21-4.  The undersigned upon review, finds that Plaintiff is entitled to recover $400.00 in costs and $5,374.90 in attorney fees, and that such costs and fees are reasonable.

**C. Assignment.**

Plaintiff requests that the EAJA award be paid directly to her counsel if the government determines that she does not owe a debt to the government.  Doc. 21 at 2.  A plaintiff, not counsel, is generally entitled to receipt of an EAJA award.  *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  Plaintiff assigned her right to the EAJA award to her counsel on April 25, 2018 (Assignment).  Doc. 21-3.  The Assignment does not satisfy the Anti-Assignment Act, because it was executed prior to the determination of the EAJA award.  *See Crumbley v. Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013).  The government, though, may exercise its discretion to honor the Assignment if it determines that Plaintiff does not owe a debt to the

government, but the undersigned recommends that the Court not order the government to honor the Assignment.

**III.   Conclusion**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 21) be **GRANTED** to the extent that Plaintiff is awarded a total of $400.00 in costs and $5,374.09 in attorney fees pursuant to the EAJA; and

2. The Motion (Doc. 21) be **DENIED** in all other respects.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 7, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy